# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JAN M. TETZLAFF,

        Plaintiff,

    v.                                   Case No. 09-C-528

HEARTLAND LABEL PRINTERS, INC.,

        Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO STRIKE
## LATE NOTICE OF EXPERT WITNESS

This matter is before the court on Defendant's motion to strike Plaintiff's late notice of expert witness. The underlying action is one for employment discrimination. Plaintiff Jan M. Tetzlaff claims that her employment was terminated by defendant Heartland Label Printers, Inc. ("Heartland"), on the basis of her gender, pregnancy, and familial status, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17, as amended.

Tetzlaff filed her lawsuit on May 22, 2009. Heartland appeared and answered on July 23, 2009, and on September 17, 2009, the court entered a scheduling order setting forth the dates by which the parties were to disclose their expert witnesses as required by Fed. R. Civ. P. 26(a)(2), complete discovery and file their dispositive motions. By its terms, the court's order required that plaintiff disclose information concerning Plaintiff's expert witnesses in accordance with Fed. R. Civ. P. 26(a)(2) on or before November 20, 2009. Defendant was to make the required disclosure of its experts on or before January 15, 2010, and any supplements to the expert disclosures were due

on or before February 19, 2010. Discovery was to be completed no later than February 28, 2010, with dispositive motions due on or before March 15, 2010. (Doc. # 10.)

Neither party disclosed experts within the time set forth in the Court's order. On February 1, 2010, Plaintiff served Heartland with her responses to Heartland's First Set of Interrogatories in which she alluded to the fact that her expert witness was evaluating her claim and preparing a "comprehensive damage report." The following day, counsel for Heartland, Attorney Jodi L. Arndt emailed Tetzlaff's counsel, Attorney Franz J. Maurer, to inquire whether a timely Notice of Expert had been filed back on or before November 20, 2009. Attorney Arndt received no response. On February 19, 2010, Attorney Mauer presented Attorney Arndt with a copy of a report from Plaintiff's damages expert when she appeared at his office to conduct Tetzlaff's deposition. Attorney Maurer explained that he had just received the report from Mr. Vollrath and was therefore unable to provide a copy earlier. The record is silent as to when he retained Vollrath and requested that he prepare a report. Attorney Arndt again asked Attorney Maurer whether he had filed the required expert disclosure in November. After checking his file and verifying that he had not, Attorney Maurer quickly prepared a document entitled "Rule 26(a)(2) Disclosure of Expert" and provided Attorney Arndt a copy. Attorney Maurer also assured Attorney Arndt that if she needed additional time to name and expert for Heartland, he would not object.

Attorney Arndt completed the deposition and discussed the late notice of expert with her client several days later. Heartland advised her that it wished to contest his late notice of expert, and Attorney Arndt immediately communicated her client's objection to Attorney Maurer by email. Following a further series of emails in which Attorney Arndt expressed a desire to confer with

2

Attorney Maurer in order to comply with Civil L.R. 37.1 (now Civil L.R. 37), Heartland filed its motion to strike.

In response to Heartland's motion, Plaintiff first argues that the attorneys reached an agreement at her deposition to extend Heartland's expert disclosure date and the deadline for completion of discovery to allow Heartland to name its own expert. She notes that Heartland also failed to file a timely expert disclosure and that her expert disclosure was within the time allowed to supplement expert reports. Plaintiff further argues that Heartland has not been prejudiced by the late notice in light of her attorney's willingness to stipulate to a modification of a scheduling order. Finally, Plaintiff argues that the court should summarily deny the motion because Attorney Arndt failed to confer as required by Civil L.R. 37.1 (now Civil L.R. 37) prior to filing it.

At the outset, it should be noted that Attorney Arndt fully complied with Rule 37's requirement that counsel confer or attempt to confer with the opposing party before filing the motion. In two separate emails she requested Attorney Maurer to contact her regarding the dispute and specifically reference the parties obligation under Civil L.R. 37. The dispute was fully explored in the parties' emails that have been presented to the court. The fact that the parties were unable to reach agreement does not mean Attorney Arndt did not confer or attempt to confer with Attorney Maurer before filing her motion. This is especially so since it is arguable that Civil L.R. 37 does not even apply. The local rule applies to "[a]ll motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37." Civil L.R. 37. Heartland's motion is not to compel disclosure or discovery, but to preclude Plaintiff from calling an expert at trial who was untimely disclosed.

As to the merits of the motion, notably absent from Attorney Maurer's response is any argument that good cause exists for modification of the court's Scheduling Order. Under Rule

3

16(b), good cause is an essential prerequisite for the modification Plaintiff seeks. *See* Fed R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see also Rouse v. Farmers State Bank of Jewell, Iowa*, 866 F. Supp. 1191, 1198 (N.D.Iowa 1994) (stating that scheduling orders "and their enforcement are regarded as the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner"); *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F.Supp.2d 618, 631-632 (D.Md.2003) (quoting cases for the proposition that "a court's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril'"). Plaintiff has offered no reason why the required disclosure was made on February 19, 2010, some three months after the time set forth in the court's scheduling order. Absent some showing of good cause, the question of prejudice does not even arise.

This is not to say that defendant would not be prejudiced by the late notice. At the very least, the final resolution of the case would be delayed, thereby resulting in delay and additional attorney's fees. Moreover, if plaintiff is allowed to name an expert at this late date, defendant may well feel a need to reciprocate and name its own expert, further increasing the costs of the litigation. If Plaintiff had some excuse for failing to comply with the court's order, Heartland could be expected to accept these consequences as part of the cost of litigation, but none has been offered. Plaintiff has offered no evidence that she exercised reasonable diligence in attempting to comply with the order but was prevented from doing so by factors beyond her control. *See Trustmark Ins. Co. v. General & Cologne Life Re of America,* 424 F.3d 542, 553 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment.") (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992)).

4

Instead, Attorney Maurer attempts to shift the blame to Attorney Arndt for reneging on a prior agreement. But the record does not reflect any prior agreement. The fact that Attorney Arndt continued with Plaintiff's deposition and registered an objection only after consulting with her client is perfectly reasonable. Her failure to object earlier does not constitute assent to the terms offered by Attorney Maurer. Likewise, the fact that Heartland did not name an expert within the time allowed merely reflects its decision, based in part on the fact that Plaintiff did not disclose an expert, to proceed without one. It hardly justifies Plaintiff's failure to timely disclose its own expert. The same is true of the fact that Plaintiff's disclosure was within the time by which the parties were allowed under the court's order to supplement their expert disclosures. Plaintiff did not supplement a timely expert disclosure; she filed a new one. The fact that it was filed within the time allowed for supplementing reports is irrelevant.

Finally, even Plaintiff's late disclosure fails to comply with Rule 26(a). Under the Rule, an expert disclosure must include, a written report setting forth a complete statement of all of the experts opinions, along with the data and information on which they are based and the exhibits that will be used to summarize or support them. In addition, the report must include the expert's qualifications, his or her publications over the preceding ten years, a list of cases in which he testified as an expert either at trial or by deposition in the previous four years, and the compensation to be paid for his services. *See* Fed. R. Civ. P. 26(a)(2)(B). The disclosure concerning Vollrath included at best only a statement of his opinions and the data supporting them.

In sum, Plaintiff served on Heartland a deficient expert disclosure some three months after the time allowed under the court's Scheduling Order. She has not sought a modification of the

5

Order and has offered no explanation for her failure to comply. Heartland's motion to strike her

expert disclosure must therefore be **GRANTED.**

      **SO ORDERED** this   7th   day of April, 2010.

                                s/ William C. Griesbach
                                William C. Griesbach
                                United States District Judge

Case 1:09-cv-00528-WCG   Filed 04/07/10   Page 6 of 6   Document 21